IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERMAINE KAAPUNI BUSH, ET AL., | ) CIVIL NO. 04-00096 DAE-KSC |
| | ) |
| | ) FINDINGS AND |
| Plaintiffs, | ) RECOMMENDATION TO DENY |
| | ) ROBERT A. HOLBRON'S MOTION |
| vs. | ) FOR LEAVE TO FILE A |
| | ) SUPPLEMENTAL COMPLAINT; |
| | ) ORDER DENYING ROBERT A. |
| STATE OF HAWAII, ET AL., | ) HOLBRON'S MOTION FOR LEAVE |
| | ) TO FILE A SUPPLEMENTAL |
| Defendants. | ) COMPLAINT |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY ROBERT A. HOLBRON'S
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT;
ORDER DENYING ROBERT A. HOLBRON'S MOTION FOR LEAVE TO
FILE A SUPPLEMENTAL COMPLAINT

Before the Court is Plaintiff Robert A.

Holbron's ("Plaintiff") Motion for Leave to File a

Supplemental Complaint ("Motion"), filed December 9,

2010.  On January 7, 2011, Defendants filed an

Opposition.  Plaintiff filed a Reply on January 12,

2011.

This matter came on for hearing on January 18,

2011.  Sharla Manley, Esq., and Andrew Sprenger, Esq.,

appeared on behalf of Plaintiff.  Lindalee Farm, Esq.,

and Abigail Holden, Esq., appeared on behalf of

Defendants.  After careful consideration of the Motion,

the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that it lacks jurisdiction to entertain this Motion.  Alternatively, and assuming the Court had jurisdiction, the Court DENIES the Motion.

<u>BACKGROUND</u>

Insofar as the Court and the parties are familiar with the extensive history of this case, the Court limits the background to those facts relevant to the instant Motion.

On February 9, 2004, Plaintiff and a number of other plaintiffs (collectively "Plaintiffs") commenced this action.  On July 20, 2004, Plaintiffs filed an Amended Complaint.  Plaintiffs alleged that Defendants violated their federal constitutional rights as well as the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") by preventing Plaintiffs from exercising their Native Hawaiian religion by failing to allow them to perform ceremonies and rituals related to the 2003-2004 Makahiki season at the Diamondback

Correctional Facility ("Diamondback") in Oklahoma. Mot., Ex. B at ¶¶ 38-67.

On November 15, 2004, the parties reached a settlement and placed the settlement on the record.

On March 1, 2005, U.S. District Judge David Alan Ezra issued an Order of Dismissal ("Dismissal Order"). The Dismissal Order Stated that the "Court retains jurisdiction to reopen the proceeding, upon good cause shown, **if the settlement conditions have not been satisfied timely**." Dismissal Order at 1-2 (emphasis added); Doc. No. 80.

On March 2, 2005, the Court entered final judgment, dismissing the case with prejudice. Doc. No. 81.

The Settlement Agreement, dated May 13, 2005, pertained to the 2004-2005 Makahiki Festival at Diamondback. Mot., Ex. C, Attachment #1 at 1. The following provisions are pertinent to the instant Motion:

> 1. For purposes of constitutional claims based on the denial of religious activities raised by Plaintiffs under

3

the U.S. Constitution, First Amendment and the Hawaii Constitution, Article 1 § 4, Defendants Department of Public Safety ("DPS"), Corrections Corporation of America ("CCA") and Diamondback Correctional Facility ("DbCF") recognize the Native Hawaiian Religion.  The Plaintiffs and Defendants DPS, CCA and DbCF agree that the religious tenets of NHR and its application in particular situations are subject to determination by the relevant parties on a case-by-case basis.

2.  Any of the Plaintiffs wanting to practice NHR at any DPS and/or CCA operated prison facilities agree that they must initiate or apply through the appropriate administrative process applicable to each facility in order to practice and participate in any religious activities associated with NHR.  The request and/or application will be subject to the same review, scrutiny, restriction, conditional approval and/or rejection afforded other similar requests by the reviewing facility's administrative staff.  Furthermore, the Plaintiffs agree that any subsequent or further request(s) at DbCF, including but not limited to the present and subsequent Makahiki Festivals will be subject to review, scrutiny, restriction, conditional approval and/or rejection on a case by case basis by the appropriate prison facility's administrative staff.

3.   Defendant DPS, CCA and DbCF recognize that the Makahiki is a Native Hawaiian Holiday. . . .

    . . . .

8.   With the exception of the recognition of the Native Hawaiian Religion as stated in Paragraph 1, the Plaintiffs agree that the remaining terms and conditions of the Agreement in no way legally and/or contractually binds and/or infers any future enforceable legal and/or contractual obligation, whatsoever, against Defendants DPS, CCA and Diamondback or any other entity nor does it create or bestow any present or future enforceable legal and/or contractual benefit and/or third-party benefit, whatsoever, upon the Plaintiffs and/or any other individual.

Id., Ex. C, Attachment #1 at 1-2.

DISCUSSION

Plaintiff seeks leave to supplement his Amended Complaint.  He argues that supplementation is appropriate to address Defendants State of Hawaii and CCA's continued failure to guarantee the constitutional and statutory rights of Native Hawaii practitioners to observe the opening and closing of the Makahiki Season.

5

Defendants counter that the Court lacks jurisdiction to reopen the case.  Defendants posit that even if the Court had jurisdiction to entertain the Motion, it should be denied because Plaintiff's proposed supplemental complaint introduces a separate, distinct, and new cause of action.  The Court agrees.

I.  <u>Jurisdiction</u>

As a preliminary and threshold matter, the Court must determine whether it has jurisdiction to entertain this Motion.  The Court finds that it does not.  In the Dismissal Order, the Court retained jurisdiction "to reopen the proceeding, upon good cause shown, <u>if the settlement conditions have not been satisfied timely</u>."  Because the provisions in the settlement agreement relating to Makahiki pertained only to the 2004-2005 Makahiki Festival held at Diamondback, <u>Davis v. Hawaii</u>, Civ. No. 08-00434 JMS-BMK, 2009 WL 1227841, at *3 (D. Haw. May 4, 2009), there is no basis to reopen the proceedings, as any argument that the settlement conditions were not timely satisfied is moot.  The 2004-2005 Makahiki Festival

came and went without incident, and without objection
by Plaintiffs, approximately six years ago.  In any
event, Plaintiff is not arguing that the settlement
conditions were not timely satisfied.  What is more,
Plaintiff cannot rely on the settlement for the relief
sought because the settlement specifically provided
that

> With the exception of the recognition of
> the Native Hawaiian Religion as stated in
> Paragraph 1, <u>the Plaintiffs agree that the
> remaining terms and conditions of the
> Agreement in no way legally and/or
> contractually binds and/or infers any
> future enforceable legal and/or
> contractual obligation, whatsoever,
> against Defendants DPS, CCA and
> Diamondback or any other entity nor does
> it create or bestow any present or future
> enforceable legal and/or contractual
> benefit and/or third-party benefit,
> whatsoever, upon the Plaintiffs</u> and/or any
> other individual.

Mot., Ex. C, Attachment #1 at 2 (emphasis added).
While Plaintiff asserts a breach of contract claim in
the proposed supplemental complaint, his new
allegations are unrelated to the specific terms of the
settlement agreement and in fact arise from purported
restrictions on the ability to participate in the 2009

and 2010 Makahiki Festivals at correctional facilities operated by Defendant CCA in Arizona due to restricted security classifications (segregation from the general population).  The Court did not retain jurisdiction to reopen the proceedings based on allegations related to a different Makahiki season at a different facility, and as such, it lacks jurisdiction to entertain the Motion or grant the relief sought.  For these reasons, the Court RECOMMENDS that Judge Ezra deny the Motion because the Court lacks jurisdiction to entertain the same.

II.  Supplementation of the Amended Complaint

Even assuming, *arguendo*, that the Court had jurisdiction to reopen the proceedings, the Court would deny the Motion, as supplementation is inappropriate.

FRCP 15(d) provides:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the

opposing party plead to the supplemental
pleading within a specified time.

Fed. R. Civ. P. 15(d).  It provides a mechanism for
parties to file additional causes of action based on
facts not existing when the original complaint was
filed.  Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874
(9th Cir. 2010).  "The purpose of Rule 15(d) is to
promote as complete an adjudication of the dispute
between the parties as possible by allowing the
addition of claims which arise after the initial
pleadings are filed."  William Inglis & Sons Baking Co.
v. ITT Continental Baking Co., Inc., 668 F.2d 1014,
1057 (9th Cir. 1981).  The rule "permits the bringing
of new claims in a supplemental complaint to promote
the economical and speedy disposition of the
controversy."  Keith v. Volpe, 858 F.2d 467, 473 (9th
Cir. 1988) (citing William Inglis, 668 F.2d at 1057).

Although leave to permit supplemental pleadings
is favored, a supplemental pleading cannot be used to
introduce a "separate, distinct and new cause of
action."  Planned Parenthood of S. Ariz. v. Neely, 130

9

F.3d 400, 402 (9th Cir. 1997) (citing <u>Berssenbrugge v.</u>
<u>Luce Mfg. Co.</u>, 30 F. Supp. 101, 102 (D. Mo. 1939); 6A
Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
Federal Practice and Procedure: Civil 2D § 1509 (1990)
(noting that leave to file a supplemental pleading will
be denied where "the supplemental pleading could be the
subject of a separate action")) (citation omitted).
Courts should not be required to reopen judgments for
consideration of later developing litigation.  <u>United</u>
<u>States v. Wissahickon Tool Works, Inc.</u>, 200 F.2d 936,
942 (2d Cir. 1952).

In the present case, the request for
supplementation must be denied.  First, the
supplemental complaint involves new parties and new
facilities, and asserts claims for failure to allow
participation in the 2009 and 2010 Makahiki festivities
for segregated inmates.  The Amended Complaint involved
general population inmates at Diamondback and the 2003-
2004 Makahiki season.  Therefore, the supplemental
complaint constitutes a separate, new and distinct
action and, if anything, can and should be filed as a

10

new action.   There is nothing preventing Plaintiff from raising the proposed claims in a new action.

The Court recognizes that supplementation may be permitted when there is a relationship among the claims in the supplemental complaint and the original action.  <u>Keith</u>, 858 F.2d at 474.  However, the concerns in the supplemental complaint are distinct from the claims in Amended Complaint and any relationship between the proposed claims and the original claims is attenuated, at best.  The present grievance is not as generalized as Plaintiff would have the Court believe it to be.  Contrary to Plaintiff's assertion that the supplemental complaint is necessary to address a continued failure by Defendants to guarantee the constitutional and statutory rights of Native Hawaiian practitioners to observe Makahiki festivities, the rather narrow present dispute concerns the ability for inmates <u>in segregation</u> to participate in the <u>2009 and 2010</u> Makahiki seasons.  The settlement agreement pertained to the 2004-2005 Makahiki season, applied to general population inmates at Diamondback, and

11

expressly stated that no future rights were bestowed upon Plaintiff.  Thus, the supplemental complaint is not merely part of the original cause of action.

Second, the case was dismissed with prejudice on March 1, 2005, and the Court entered final judgment on March 2, 2005.  As earlier discussed, the Court retained jurisdiction for the limited purpose of reopening the proceedings, upon good cause shown, **_if_** the terms of the settlement agreements were not **_timely_** satisfied.  Courts should not be required to reopen judgments for consideration of later developing litigation, particularly where, as here, the Court never contemplated reopening the proceedings, approximately six years later, to allow Plaintiff to assert new claims concerning new facilities and different inmate security classifications for the 2009 and 2010 Makahiki seasons.

Plaintiff relies heavily on <u>Keith v. Volpe</u> in support of the proposition that supplementation is proper even after judgment is entered.  However, <u>Keith</u>

is distinguishable and does not stand for this blanket proposition.  Significantly, the district court there expressly retained jurisdiction over later developments.  <u>Keith</u>, 858 F.2d at 474.  The Dismissal Order here contained no such provision.  Moreover, <u>Keith</u> involved a consent decree.  By nature, consent decrees require court oversight and involvement for many years following the entry of the decree and judgment.  The settlement agreement here has limited application, despite Plaintiff's attempt to broaden its scope.

Third, permitting Plaintiff to supplement the complaint will not promote the economical and speedy disposition of the controversy.  As such, allowing supplementation under the present circumstances would contravene one of the primary purposes of FRCP 15(d).  The parties resolved the original action in 2005.  The Court is not here faced with a situation where the litigation is ongoing and the interests of the parties and the Court would be best served by allowing all claims to be adjudicated in one action.  Plaintiff

argues that supplementation will serve judicial economy because the Court has an extensive knowledge of the facts and the parties.  However, the Court's knowledge of and familiarity with this case is limited to the circumstances at Diamondback in 2003-2004, not the present circumstances at facilities in Arizona, where Plaintiff is in segregation.  Based on the new allegations that Plaintiff raises, neither this Court nor Judge Ezra is in a better position to expeditiously and economically resolve the case than any other judge.

        Finally, although not a dispositive factor in this Court's inquiry, venue is improper under 28 U.S.C. § 1391(b) because the events and alleged omissions occurred substantially, if not entirely, in Arizona. Davis, 2009 WL 1227841, at *4 (case transferred to Arizona after a finding that venue was improper, involving claims by a plaintiff who alleged that CCA and Saguaro Correctional Center prevented him from practicing his Native Hawaiian religion when they failed to hold a Makahiki closing ceremony feast in 2008, failed to distribute food for that ceremony, some

14

of which the plaintiff had personally purchased, and later distributed the food to other inmates who were not associated with the Makahiki celebration or the Native Hawaiian religion); <u>Lee v. Corrections Corp. of Am.</u>, 525 F. Supp. 2d 1238, 1242 (D. Haw. 2007) ("The Court accordingly finds that because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mississippi, not Hawaii, venue in this district is improper."); <u>Lonoaea v. Corrections Corp. of Am.</u>, Civil No. 07-00369 JMS-KSC, 2007 WL 4145239, at *3 (D. Haw. Nov. 21, 2007) (same).

Although the Court acknowledges the forum selection clause in the settlement agreement, the clause is inapplicable here. Indeed, it applies only to disputes arising under the agreement and relating to the 2004-2005 Makahiki season at Diamondback. Plaintiff is no longer incarcerated at Diamondback; he does not complain about events that did or did not occur during the 2004-2005 Makahiki season at Diamondback; he does not dispute or seek enforcement of any particular clause in the settlement agreement as it

15

relates to the 2004-2005 Makahiki season at

Diamondback; and he presents no allegations to support

a claim that the settlement agreement was breached.

For these reasons, the Court DENIES the request to file

a supplemental complaint.

In sum, the Court first finds that it lacks

jurisdiction to entertain the Motion and/or grant the

relief sought.  Alternatively, the Court, assuming it

has jurisdiction, denies the Motion because

supplementation would be inappropriate.

<u>CONCLUSION</u>

Based on the foregoing, the Court HEREBY FINDS

AND RECOMMENDS that the district court DENY the Motion

for Leave to File a Supplemental Complaint, filed

December 9, 2010, because the Court lacks jurisdiction

over this action.  Assuming the Court has jurisdiction,

the Court HEREBY DENIES the Motion.

16

IT IS SO FOUND AND RECOMMENDED AND SO ORDERED.

Dated:  Honolulu, Hawaii, January 20, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 04-00096 DAE-KSC; Bush, et al. v. State of Hawaii, et al.;
FINDINGS AND RECOMMENDATION TO DENY ROBERT A. HOLBRON'S MOTION
FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT; ORDER DENYING ROBERT
A. HOLBRON'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT